**WARREN et al. v. ABERNATHY et ux.**

**ABERNATHY et ux. v. WARREN et al.**

**Nos. 4499, 4502.**

United States Court of Appeals
Tenth Circuit.

Aug. 14, 1952.

Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., for appellants and cross-appellees.

Luther Bohanon, Oklahoma City, Okl. (Bert Barefoot, Jr., and Bohanon & Adams, Oklahoma City, Okl., of counsel, on the brief), for appellees and cross-appellants.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

Earl Edward Abernathy, hereinafter called the registrant, and Juanita Abernathy, his wife, brought this action against the members of Selective Service Local Board No. 33, Altus, Jackson County, Oklahoma, and sought a judgment directing the Local Board to reclassify the registrant as II–C, or, in the alternative, directing the Local Board to accord the registrant an appeal from its refusal to reopen and consider anew his classification.

On May 17, 1949, the registrant was classified by the Local Board as II–C, a registrant deferred because of agricultural occupation. On January 29, 1951, the Local Board changed the registrant's classification to I–A. On May 23, 1951, the registrant appealed from the latter classification to the Appeal Board of the State of Oklahoma. The State Board reclassified the registrant as II–C. From the action of the State Board an appeal was taken to the National Selective Service Appeal Board. The National Board ordered that the registrant's classification as I–A by the Local Board be restored. Thereafter, the Local Board restored the registrant's classification as I–A and on November 13, 1951, notified the registrant of such action.

The registrant filed his Selective Service questionnaire on November 8, 1948, and claimed deferment because of agricultural occupation.

On September 12, 1950, the registrant filed an additional statement with the Local Board, in which he set forth that he was engaged, with his father, in the operation of a wheat and stock-raising farm located in Jackson County, Oklahoma; that during 1950, there was produced on such farm, from 835 acres, 14,000 bushels of wheat; and that 100 to 200 head of cattle were pastured on such farm.

On February 6, 1951, the registrant filed a letter with the Local Board in which he stated that he had been engaged in farming since his graduation from high school in 1948; that prior to February, 1949, his father, Clarence Abernathy, purchased a 2300–acre ranch in Murray County, Oklahoma, on which he ran 250 head of breeding cows; that registrant married Juanita Drake in August, 1950; that Clarence Abernathy then moved to the Murray County ranch and left the entire operation of the farm in Jackson County to the registrant; that in October, 1950, the father of Juanita Abernathy died, leaving an estate of approximately 2000 acres of farm land, 6000 acres of pasture land, and about 200 breeding cows, and that registrant had been assisting his wife in connection with her share of such estate and also in helping with the operation of such farm land and pasture land.

On February 8, 1951, Clarence Abernathy filed a letter with the Local Board, in which he set forth substantially the same facts with respect to registrant's operation of the farm in Jackson County.

The letters of February 6 and February 8, 1951, last above referred to, were forwarded by the Local Board, as a part of the registrant's file, to the State Appeal Board on April 5, 1951. Such letters were also included in the file of the registrant which was forwarded by the Local Board to the State Board on August 11, 1951, for transmission by the State Board to the National Board.

On June 27, 1951, the Local Board forwarded a letter to the State Board in which it stated that it had made an investigation and had ascertained that the registrant did not have the full responsibility of operating the ranch in Jackson County and that such operation was definitely under the control of registrant's father, Clarence Abernathy; that there was an abundance of young farmers and ample farm labor in Jackson County; that there was no shortage of persons with registrant's qualifications and skill as a farmer, which would prevent registrant's replacement if he were inducted, and that the induction of the registrant would not have any substantial effect on farm production in Jackson County.

On November 19, 1951, the registrant filed a letter with the Local Board in which

he requested that the Board reopen and consider anew his classification, on the basis of facts stated in such letter, which the registrant asserted were not considered when the registrant was classified and would justify a change in the registrant's classification. On November 23, 1951, Juanita Abernathy filed a letter with the Board in which she petitioned the Board to reopen and reclassify the registrant, and set forth in the letter facts which she asserted had not been theretofore considered by the Board and would justify a change in the registrant's classification. She also asked for an appeal to the State Board in the event the Local Board refused to grant the registrant a deferred classification.

The letters of November 19 and November 23, 1951, did not present any new facts not theretofore considered by the Local Board when it classified the registrant. The facts set forth in such letters were substantially set forth in the letters of February 6, and February 8, 1951.

The trial court held that the registrant and his wife, Juanita Abernathy, were entitled to appeal to the State Board from the Local Board's refusal to reopen and consider anew the registrant's classification. It further held that the classification of the registrant by the Local Board in I–A and the refusal of the Local Board to reopen and consider anew the registrant's classification were based on evidence and that the court was without jurisdiction to review such actions by the Local Board.

The trial court entered a judgment commanding the Local Board to recognize the registrant's right to appeal from the refusal of the Local Board to reopen and consider anew the registrant's classification, and staying the order of induction of registrant pending the final decision on such appeal. From such judgment, the Local Board has prosecuted an appeal and registrant and Juanita Abernathy have prosecuted a cross-appeal.

The pertinent Selective Service Regulations with respect to classification, promulgated under the Universal Military Training and Service Act, as amended,[1] are found in Part 1622, entitled "Classification, Rules and Principles." [2] Section 1622.10 provides that the local board shall place in class I–A every registrant who has failed to establish to the satisfaction of the local board, subject to the right of appeal, that he is eligible for classification in another class.

Section 1622.24 provides that the local board shall place in class II–C "any registrant who is employed in the production for market of a substantial quantity of those agricultural commodities which are necessary to the maintenance of the national health, safety, or interest, but only when all of the conditions described in paragraph (a) of Section 1622.23 are found to exist."

One of the conditions described in paragraph (a) of § 1622.23 is that "the registrant cannot be replaced because of a shortage of persons with his qualifications or skill in such activity." Another condition is that "the removal of the registrant would cause a material loss of effectiveness in such activity."

The pertinent Selective Service Regulations respecting appeals from classification are found in Part 1626, entitled "Appeal to Appeal Board." [3] Section 1626.2 provides that the registrant or any person who claims to be a dependent of the registrant may appeal to an appeal board from any classification of a registrant by the local board, and that such appeal must be taken within 10 days after the date the local board mails to the registrant a notice of classification.

The pertinent Selective Service Regulations respecting reopening and considering anew registrant's classification are found in Part 1625, entitled "Reopening and Considering Anew Registrant's Classification." [4] Section 1625.2 provides that the local board "may reopen and consider

---

1. 62 Stat. 604, Title 50 U.S.C.A.Appendix, § 451 et seq.

2. Selective Service Manual, p. 1622–1.

3. Selective Service Manual, p. 1626–1.

4. Selective Service Manual, p. 1625–1.

anew the classification of a registrant (1) upon the written request of the registrant, * * * any person who claims to be a dependent of the registrant, * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; * * *."

Section 1625.4 provides that "When a registrant, any person who claims to be a dependent of a registrant, * * * files with the local board a written request to reopen and consider anew the registrant's classification and the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the registrant was classified or, even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not reopen the registrant's classification. * * *."

Section 1625.11 provides "When the local board reopens the registrant's classification, it shall consider the new information which it has received and shall again classify the registrant in the same manner as if he had never before been classified. Such classification shall be and have the effect of a new and original classification even though the registrant is again placed in the class that he was in before his classification was reopened."

Section 1625.12 provides "When the local board reopens the registrant's classification, it shall, as soon as practicable after it has again classified registrant, mail notice thereof * * * to the registrant. * * *."

Section 1625.13 provides "Each such classification shall be followed by the same right of appearance before the local board and the same right of appeal as in the case of an original classification."

The pertinent Selective Service Regulations with respect to classification procedure are found in Part 1623, entitled "Classification Procedure." [5] Section 1623.1 in part provides that the local board may con-

sider oral information, provided such information is summarized in writing and the summary placed in the registrant's file. The Local Board complied with that regulation by the letter of June 27, 1951, referred to above, which was placed in the registrant's file and forwarded to the State Appeal Board while the registrant's appeal was pending before that board.

The letters of November 19, and November 23, 1951, did not contain any information presenting any facts not considered by the Local Board when it theretofore classified the registrant in I–A. Section 1625.4 clearly provides that the local board shall not reopen or consider anew the registrant's classification if the local board is of the opinion that the application to reopen and consider anew does not contain information presenting facts in addition to those considered when the registrant was classified, or if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification.

█ Here, the Local Board, on the record, was fully justified in concluding that the application to reopen and consider anew the registrant's classification did not present any additional facts and did not present facts showing the conditions set forth in § 1622.23(a) existed and the Board had theretofore affirmatively found that such conditions did not exist.

█ Since the Local Board refused to reopen and consider anew registrant's classification, it was not required to classify the registrant again under § 1625.11 and it did not do so. It follows that no right of appeal inured to the registrant or to Juanita Abernathy.

█ Any other construction of §§ 1625.2 and 1625.4 would open the door to appeals from frivolous and unfounded applications to reopen and consider anew registrants' classifications. We should not be understood as holding, however, that an arbitrary and capricious refusal to reopen and consider anew registrants' classifications on a

5. Selective Service Manual, p. 1623–1.

proper showing would not be open to judicial review.

Section 10(b) (3) of the Universal Military Training and Service Act, as amended, in part provides:

> "Such local boards, * * * shall, under rules and regulations prescribed by the President, have the power within the respective jurisdictions of such local boards to hear and determine, subject to the right of appeal to the appeal boards herein authorized, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this title, of all individuals within the jurisdiction of such local boards. The decisions of such local boards shall be final, except where an appeal is authorized and is taken in accordance with such rules and regulations as the President may prescribe."

In reviewing the action of a local board in fixing a classification, the courts may not weigh the evidence to determine whether the classification made by the local board was justified. The decisions of a local board, made in conformity with the regulations, are final, even though they may be erroneous. It is only when there is no basis in fact for the classification which the local board gave the registrant that the court may set aside the action of the local board for want of jurisdiction.[6]

 Not only was there no showing that a classification of the registrant in I–A and his immediate induction would cause a material loss of effectiveness in agricultural activity, or that the registrant could not be replaced because of a shortage of persons with his qualifications or skill in agricultural activity in Jackson County, but there was evidence before the Local Board constituting a factual basis for its findings that such classification and induction would not cause a material loss of effectiveness in agricultural activity, and that there was no shortage of persons with his qualifications or skill in agricultural activity in Jackson County, which would prevent his replacement. Hence, the trial court correctly held that it was without jurisdiction to interfere with the classification of the registrant made by the Local Board.

That part of the judgment below directing the Local Board to permit an appeal from its refusal to reopen and consider anew the registrant's classification and staying the order of induction of the registrant pending the final decision of such appeal is reversed. The judgment in all other respects is affirmed.

---

6. Jeffries v. United States, 10 Cir., 169 F. 2d 86, 89; Estep v. United States, 327 U.S. 114, 122, 123, 66 S.Ct. 423, 90 L.Ed. 567.