## HEAD v. UNITED STATES.

No. 4498.

United States Court of Appeals
Tenth Circuit.

Oct. 8, 1952.

J. B. Tietz, Los Angeles, Cal., for appellant.

Harry G. Foreman, Asst. U. S. Atty., Oklahoma City, Okl. (Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

An indictment was returned against Head, charging him with failure and refusal to submit to induction into the land or naval forces of the United States for non-combatant service. The jury returned a verdict of guilty and he was sentenced to the custody of the Attorney General for imprisonment for a period of three years.

On September 16, 1948, Head registered with Local Board No. 16,[1] Comanche County, Oklahoma. He did not sign Series XIV, Conscientious Objection to War, in his classification questionaire. On May 13, 1949, the Local Board classified him as I-A. Notice of such classification was mailed to Head on May 19, 1949. On October 31, 1950, he was notified to report for his physical examination. On November 7, 1950, he requested a transfer to California for physical examination. On November 10, 1950, Head, for the first time, requested the special form for a conscientious objector. Following his physical examination and on November 26, 1950, he was notified that he had been found acceptable for induction into the armed services.

On the special form, which Head filed with the Local Board on December 13, 1950, he stated that by reason of his religious training and belief he was opposed to participation in war in any form and further, that he was conscientiously opposed to participation in non-combatant training or service in the armed forces, and claimed deferment as provided in § 6(j) of the Selective Service Act of 1948, 50 U.S.C.A.Appendix, § 456(j). On January 4, 1951, the Local Board changed Head's classification from I-A to I-A-O. Head was notified of such change in classification and on January 10, 1951, perfected an appeal to the Appeal Board for the State of Oklahoma. On January 24, 1951, the Appeal Board determined that Head should not be classified in either I-A-O or IV-E and forwarded Head's file to the Department of Justice for an advisory recommendation. The Department of Justice made an exhaustive investigation. An opportunity was afforded Head to appear before R. A. Belisle, Hearing Officer for the Western District of Oklahoma. Head did not appear before the Hearing Officer. On June 27, 1951, the Hearing Officer recommended that Head be classified as I-A-O, and that if he should be inducted into the land or naval forces that he be assigned to non-combatant

---

1. Hereinafter referred to as the Local Board.

duties. The Department of Justice, by a letter dated July 23, 1951, concurred in that recommendation. On October 10, 1951, the State Appeal Board sustained the action of the Local Board in classifying Head as I-A-O. Notice of such classification was mailed to Head on October 16, 1951. On November 20, 1951, he was ordered to report for induction. On December 4, 1951, he reported to the Induction Center at Oklahoma City and refused to be inducted into the armed forces of the United States. Following his oral refusal to be inducted he made a written statement, reading as follows: "I refuse to be inducted into the armed services of the United States." At the trial Head admitted that he had refused to be inducted into the armed forces of the United States.

Head's father and mother were reared in the Catholic church. In 1949, Head moved to California. In March, 1950, he became a member of the Church of Christ at Waterford, California. In the special form filed with the Local Board, he made the following answers to the following questions:

"3. Explain how, when, and from whom or from what source you received the training and acquired the belief which is the basis of your claim made in Series I above.

"How? By the teaching of the church. When? Since I have been a member of the church. From what source? From the preachers and teachers of the church.

"4. Give the name and present address of the individual upon whom you rely most for religious guidance..

"T. F. Thomasson, Waterford, California."

Thomasson was the minister of the Church of Christ at Waterford. He was interviewed during the course of the investigation referred to above, and stated that the teaching of the church at Waterford was that a person should not engage in carnal warfare, which meant the bearing of arms in time of war and the killing of other people, but that such church did not teach it was wrong to engage in non-combatant military duties and that "the church had no objection to a member" engaging in non-combatant work.

The sole defense urged at the trial was that there was no basis for classifying Head as I-A-O. Counsel for Head asserted "A Selective Service registrant who professes objection to combatant and non-combatant service alike may not be classified I-A-O if the Selective Service System considers him sincere in his professed objections; it may not discount his sincerity on one hand and credit it on the other." But Head asserted that his religious beliefs were based upon the teachings of the Church of Christ at Waterford, and that the source of such teachings was the minister of that church, and that he relied for religious guidance upon such minister. Thomasson, the minister of such church, stated that while the church taught that its members should not engage in carnal warfare, that is, the bearing of arms in time of war and the killing of other people, that it also taught that the rendering of noncombatant military service was not wrong. Those facts, we think, justify the Department of Justice and the Hearing Office in recommending that Head be classified in I-A-O, and constituted a basis in fact for the action of the Local Board in so classifying him.

In Warren v. Abernathy, 10 Cir., 1952, 198 F.2d 622, 626, we said:

"In reviewing the action of a local board in fixing a classification, the courts may not weigh the evidence to determine whether the classification made by the local board was justified. The decisions of a local board, made in conformity with the regulations, are final, even though they may be erroneous. It is only when there is no basis in fact for the classification which the local board gave the registrant that the court may set aside the action of the local board for want of jurisdiction." [2]

In his charge to the jury the trial judge explained in detail that while a local board

2. See also: Jeffries v. United States, 10 Cir., 169 F.2d 86, 89; Estep v. United States, 327 U.S. 114, 122, 123, 66 S.Ct. 423, 90 L.Ed. 567.

has jurisdiction to pass upon factual questions, it may not act arbitrarily or capriciously, apply any standard other than that laid down by the Selective Service Act and the regulations, nor disregard the explicit intent of the Act and the regulations, and must base its decisions upon evidence; and that if the jury should find that the Local Board acted arbitrarily or capriciously, as defined in the instructions, or disregarded the standards set forth in the Act and the regulations in classifying Head, such action would be a denial of due process of law and they should acquit him. He fully explained the meaning of arbitrary or capricious action. He further instructed the jury that the Selective Service officials were required to receive all information pertinent to a registrant's claims and must consider all his claims and his evidence, and that they could not give him any classification other than one supported by evidence in the file. He further instructed the jury:

"As has been referred to in these instructions, the classification of I-A-O applies to a conscientious objector available for noncombatant duty only, while Class IV-E, a conscientious objector is not available for any military duty. The local board had the right to determine from the evidence in the case whether or not this conscientious objector should be available for noncombatant duty only, or whether he should be relieved from any military duty. And if there is any evidence in the file, any fact from which the local board could reach the conclusion that it did reach, then its decision is not subject for review, and it is for you to determine whether or not there were any facts or any information contained in the file of this registrant upon which the local board could make its finding. The facts as contained in the file may have been sufficient for the board to classify the defendant in IV-E, but if it felt under the facts that the defendant should be classified as I-A-O, it had the right to do that, and its decision is not subject to review by this court."

Counsel for Head challenges the correctness of the last sentence of such instruction. When the instructions are read in their entirety, we think that objection is groundless. The jury were clearly told that the Local Board was required to base its findings on evidence in the file and to act in accordance with the Act and the regulations and the standards therein prescribed.

■ The trial court should have passed on the question of whether there was a basis in fact to support the classification and should not have submitted that issue to the jury.[3] However, at the close of the evidence, counsel for Head moved for a directed verdict of acquittal on the ground that there was no basis in fact in the evidence before the Local Board to justify the I-A-O classification, which the trial court denied; and counsel for Head by his tendered instructions, which in substance were given by the trial court, requested the court to submit to the jury whether the Local Board acted arbitrarily or capriciously and whether there was evidentiary basis in fact in the file for the I-A-O classification. Hence, we conclude that Head may not now object to the submission of that issue to the jury. Moreover, we conclude as a matter of law that there was evidentiary basis in fact in the file for the I-A-O classification.

■ In his closing argument to the jury the Assistant United States Attorney stated in substance that if the jury returned a verdict of not guilty it would encourage pretended claims for deferment on the ground of conscientious objection to war. While we disapprove of argument of that character to a jury, we do not think Head was prejudiced thereby. As indicated above, we have concluded from an examination of the evidence in the file that there was evidentiary basis in fact for the I-A-O classification. The only issue that remained was whether Head refused to submit to induction. The evidence established, and Head admitted, that he refused to submit to induction.

Counsel for Head asserts that the trial court, during the trial, manifested a hostil-

3. Cox v. United States, 332 U.S. 442, 452, 453, 68 S.Ct. 115, 92 L.Ed. 59.

ity to Head. We have examined the record carefully and conclude that that conclusion is not well founded.

Affirmed.