**ROBERSON v. UNITED STATES.**
No. 4689.

United States Court of Appeals
Tenth Circuit.
Nov. 6, 1953.

J. B. Tietz, Los Angeles, Cal., for appellant.

Harry G. Foreman, Asst. U. S. Atty., Oklahoma City, Okl. (Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., was with him on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

The appellant appeals from a judgment on a conviction for wilfully refusing to be inducted into the armed forces as a noncombatant in violation of Section 12 of the Selective Service Act of 1948, Title 50 U.S.C.A.Appendix, § 462. The first contention is that the trial court erred in its instructions to the jury to the effect that in its opinion there was a factual basis for the Selective Service Board's classification of the appellant as 1–A–O, that is noncombatant duty.

The appellant argues first that the evidence conclusively shows that he was entitled to a 1–O classification, or a complete exemption from all military service, or in any event, his classification was a question for the jury.

It is not the province of the court or jury to weigh the evidence on which the local board classified the registrant. The judicial inquiry is limited to the question whether there is any factual basis for the classification. If so, the inquiry is at an end, and the classification is conclusive in prosecutions under Section 12. It is only when there is no factual basis for the local board's classification that it loses jurisdiction to order an induction and the registrant is justified in refusing to obey it. Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59; Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567; Annett v. United States, 10 Cir., 205 F.2d 689; Head v. United States, 10 Cir., 199 F.2d 337. But in no event is classification a jury question. Cox v. United States, supra; Head v. United States, supra.

The evidence shows that when the appellant registered on November 11, 1948, he requested Form 150 to be executed as a conscientious objector. In this form filed with the local board, appellant registrant claimed that by reason of his religious training and beliefs, he was conscientiously opposed to participation in war in any form, including noncombat training or service in the armed forces. On July 14, 1949, he was classified as 1–A, that is available for military service. He was mailed appropriate forms to different addresses, ordering him to report for armed forces physical examination. On December 20, 1950, the local draft board mailed him two notices, one to an Oklahoma City address and one to a San Bernardino, California address, requesting him to report to the local board before December 29 to discuss his selective service sta-

tus. When he received the notice at his California address on December 27, he answered immediately, explaining his inability to report by the 29th, and requesting that his papers be transferred to his local board in California, stating that he had executed Form 150 calling for a IV–E or 1–O classification.

Upon submission of data touching his religious beliefs and training, including recommendations of his ministers and others who knew and worshiped with him, he was given a 1–A–O classification on January 8, 1951. Apparently on January 23, 1951, he was again classified as 1–A–O and on the 25th was mailed a classification card. He appealed to the Appeals Board on January 30, 1951. The decision of the Board is not clear from the record, but on March 7, 1951, the files were again forwarded to the Appeals Board. On April 28, 1951, the Appeals Board, having determined that he was entitled to neither a 1–A–O nor 1–O classification, decided to forward the registrant's file to the United States District Attorney's office for the purpose of securing an advisory recommendation of the Department of Justice.

Pursuant to a hearing conducted before a hearing officer, the officer found that registrant was a member of the religious group of the Church of Christ which forbids its members to participate in carnal warfare, and that the registrant did not feel that he should or ever could enter the armed services, either combat or noncombat, for fear that he might be required to kill; that he was willing, however, to work in civil defense as a civilian. The hearing officer was of the opinion that the registrant was "sincere in his beliefs, but that he had a wavering determination not to accept noncombat service." He finally concluded that while the registrant was sincere in his religious belief regarding combat service, he was not sure that his religious belief should bar noncombat service. On this basis the officer recommended that his claim for exemption from noncombat service not be sustained; that he be classified as 1–A–O,

and if inducted into the land or naval forces that he be assigned to noncombat duties. In accordance with this recommendation, the Appeals Board, on April 30, 1952, finally classified the registrant as 1–A–O, and he was duly notified. He reported for induction but refused to take the oath, pursuant to which he was indicted and tried.

After advising the jury that there was no evidence that the Board had acted arbitrarily or capriciously in classifying the defendant, the court instructed the jury that the only question for them to determine was whether the defendant did in fact fail to submit to induction, and that in so doing, he acted wilfully and with knowledge that he was refusing to obey a legal order which he was required by law to perform.

The argument on appeal is to the effect that having determined that the registrant was conscientious in his belief, the Board could not deny him the classification which he claimed; that to accept him as a conscientious objector to even noncombatant duty required them to give him a 1–O or conscientious objector's classification. And see Head v. United States, supra, 199 F.2d at page 339.

■ To be sure, the Board may not accept the sincerity of the registrant's religious belief and at the same time deny him the classification which the law gives one conscientiously holding that religious belief. To do so would empower the Board to arbitrarily classify registrants regardless of religious beliefs or convictions. It would set at nought the Congressional purpose to recognize and honor the religious tenets of one conscientiously opposed to war in any form. Congress created the classification and prescribed the qualifications for it, and it is not within the power of the Board or the courts to deny it to one legally entitled thereto.

■ Of course, the Board is not required to accept without inquiry a mere statement of religious tenets. It is indeed empowered to inquire concern-

ing sincerity and good faith to the end that the law shall not be a shield for the hypocrite or the faker. But the Board's denial of a claimed classification must rest upon some rational evidence. There must be a rational basis for the refusal to accept a registrant's religious claims. See Annett v. United States, supra.

The appellant here claimed his total exemption as a member of the Church of Christ. The hearing officer found, and the classification is necessarily based upon the finding, that although the appellant was sincere in his religious belief as regards combat service, he was not sure that such belief forbade him to engage in noncombat service. Of course, if he entertained doubt, it was within the province of the Board to resolve that doubt in favor of noncombat service.

In his petition for reclassification to IV–E, appellant stated that it was his personal belief that he could not conscientiously participate in war in any form, whether combat or noncombat, because of his religious belief in and respect for God and His word. And he attached quotations from the Bible, including the commandment: "Thou shalt not kill" tending to support these views. He also attached petitions from members of the Church of Christ attesting to his good standing and his honest and sincere religious convictions "in regard to nonparticipation in carnal war".

In Head v. United States, supra, the registrant claimed total exemption as a member of the Church of Christ stating that his religious beliefs were based upon the teachings of that church and that the source of the teachings was his minister. The minister stated that, "while the church taught that its members should not engage in carnal warfare, that is, the bearing of arms in time of war and the killing of other people, that it also taught that the rendering of noncombatant military service was not wrong." We thought those facts alone justified a 1–A–O or noncombat classi-

fication for a registrant member of the Church of Christ. The congregation of the Church of Christ with which the appellant here was affiliated in California did not maintain a paid minister, but we do not think his right to exemption under the law can rise above the tenets of his faith as taught by the church through which he finds spiritual expression.

There was also evidence of record to the effect that at the time of the hearing before the hearing officer registrant was employed at an airbase in or near San Bernardino, California and was working in the warehouse handling materials of warfare. There was also evidence of record that prior to coming to California, while living in Oklahoma City and after embracing his religious faith, he worked at an air depot devoted to the prosecution of the war. While only a bus boy in a cafeteria, his bit was but a part of the total war effort. This activity lends credence to the finding of doubt concerning the extent to which his conscientiously held religious beliefs forbade him to engage in noncombatant service in the war effort.

On the whole record we agree with the trial court that the Board's classification was not arbitrary or capricious and that the court properly so instructed the jury.

The registrant also contends that he was denied an opportunity to personally appear before the local board as contemplated by applicable regulations and that such denial deprived him of due process of law essential to his conviction.

The court was requested to instruct the jury that if the defendant made a written request for a personal appearance before the board within ten days of the mailing to him of his notice of classification and he was denied such a hearing, it should find the defendant not guilty.

The applicable Selective Service regulations provide in substance that every registrant, after his classification is de-

termined by the local board, shall have an opportunity to appear in person before a member or members of the local board if he files a written request therefor within ten days after the local board has mailed notice of classification to the registrant. At this appearance the registrant may discuss his classification, pointing out the class or classes in which he thinks he should have been placed, calling attention to any information in his file which he believes the local board has overlooked or which he believes has not been given sufficient weight; and the registrant may present any further information which he believes will assist the local board in determining his proper classification. After the appearance and reconsideration by the board in the light of new information, the board may in its discretion reopen and reclassify the registrant, or it may, if it determines that the new information does not justify a change, refuse to reopen the registrant's classification. See Title 32 C.F.R. §§ 1624.1 and 1624.2(a) (b) and (c).

The purpose of this hearing is undoubtedly to afford the registrant an opportunity to discuss with the board all of the facts bearing upon his classification in order that the board may see and hear the registrant, determine his sincerity, and thereby more intelligently classify him within the spirit and purpose of the Selectice Service law.

But there is nothing in this record to indicate that the registrant requested a personal appearance before the board within ten days after notice of his classification or at any other time. The record does show that on December 20, 1950 the local board in Oklahoma City mailed the registrant a notice to his California address requesting him to report to the local board on or before December 29, 1950 to discuss his selective service status. The registrant answered the notice received on December 27, 1950 requesting that his papers be transferred to the local board in California. The file was transferred to the local board, and while it does not reflect a personal appearance there, the record does show undeniably that he appeared before a hearing officer and submitted new and additional information bearing upon his classification. And it was upon the basis of that information and that hearing that the appellant was classified for noncombat duty.

We think the classification was permissible under the law and regulations. The registrant certainly cannot complain of a denial of a fair hearing as contemplated by the procedural safeguards in the regulations. In any event, the facts on which he claims a denial of due process are not in dispute, and there was nothing to submit to the jury.

The judgment is affirmed.