John William REMPEL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 4985.

United States Court of Appeals, Tenth Circuit.

March 22, 1955.

950

William F. Reynard and Albert L. Vogl, Denver, Colo. (Carle Whitehead, Denver, Colo., on the brief), for appellant.

Robert D. Inman, Asst. U. S. Atty., Boulder, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

Appellant was charged by information with refusing to submit to induction into the armed forces of the United States in violation of section 12(a) of the Universal Military Training and Service Act, 62 Stat. 622, 50 U.S.C.A.Appendix, § 462 (a). Trial by jury was waived and the case was tried to the court. Appellant was found guilty and sentenced to imprisonment, whereupon he appealed.

The pertinent portion of the registration file of appellant was introduced in evidence on the trial of the case. And such file disclosed that these facts were before the administrative tribunals at the time the claim for exemption from military service was finally denied and appellant was placed in class 1-A. In connection with his registration, appellant filed Form 150 with the local selective service board in which he claimed exemption on the ground that he was a conscientious objector to war. He stated therein that his father and mother were of the Mennonite faith; that he was reared in that faith; that he had joined the Mennonite Church; and that he was conscientiously opposed to participation in war in any form. He further stated that his objection was based upon belief in a Supreme Being involving duties superior to those arising out of human relationships; and that the source of such beliefs was his Mennonite back-

ground, instruction from his parents, instruction from his church, and discussion in Sunday School and other meetings. He further stated that he believed in force so long as it does not violate the teachings of Christ, and that at times physical force is necessary to restrain persons not responsible for their actions. And he explained the traditional peace stand of the Mennonite Church. The Mennonite Church by official pronouncement declared its opposition to the waging of war and the rendering of military service. Appellant attended for one year Freeman Bible Academy, at Freeman, South Dakota. Thereafter he was baptized, joined the Mennonite Church, attended with regularity church services, and seemed sincere in his adherence to the teachings of the church. But while he was a student in school in Nebraska he was a disciplinary problem to teachers and school officials, was disobedient, showed lack of respect for the faculty, and sought to avoid his school duties. And while a student at Freeman Academy he complained of restrictions imposed upon him. On one occasion he disturbed the peace by improper operation of an automobile near a high school and was fined one dollar. On another occasion he was fined ten dollars for speeding. On several occasions he was warned in respect to the driving of his automobile. And on occasions he went hunting for wild game.

The narrow question presented for determination is whether the action of the selective service tribunals in denying appellant's claim to be classified 1-O with resulting exemption from military service was without rational basis in fact. It is settled law that in a criminal case of this kind involving a charge of refusing to submit to induction, the scope of judicial review of the action of the administrative tribunals in fixing and determining the classification of the registrant is limited. It is not the province of the court to weigh the evidence on which the board made the final classification. Judicial inquiry is confined to determining whether there was any ra-

tional basis in fact for the classification. If so, the inquiry must end, even though the classification was erroneous. It is only where no factual basis exists for the classification that it is void and will not support a criminal charge of refusing to submit to induction. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L. Ed. 567; Witmer v. United States, 75 S. Ct. 392; Annett v. United States, 10 Cir., 205 F.2d 689; Roberson v. United States, 10 Cir., 208 F.2d 166.

It is equally well settled that where a registrant makes a prima facie showing that he is conscientiously opposed to participation in war in any form, the rejection of his claim for exemption cannot stand as an undergirding support for a prosecution of this kind unless there be in his registration file some showing of a countervailing nature which tends to justify a finding on the part of the classification board that the claim is not made in good faith. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 64; Jessen v. United States, 10 Cir., 212 F.2d 897.

Appellant's derelictions while a youth attending school, his restlessness toward discipline while attending the Bible academy, his disturbance of the peace by the operation of an automobile near the high school, his speeding on one occasion, and the circumstances which gave rise to warning on several occasions in respect to the driving of an automobile were circumstances not meriting approbation. But treating them severally and collectively, they were not circumstances involving serious moral misconduct or waywardness having material bearing upon the question whether his claim for exemption on the ground of objection born of conscience to participation in war was submitted in good faith. They were minor incidents with no persuasive significance in respect to his good faith or the lack of it in urging exemption from military service. Chernekoff v. United States, 9 Cir., 219 F.2d 721.

Although not placing emphasis upon it, the Government calls attention to

one additional fact or circumstance appearing in the registration file of appellant. Appellant conceded that he had hunted for wild game and the local board expressly interpreted such concession to indicate that he had borne firearms. Section 6(j) of the Selective Service Act, supra, granting exemption from military service to persons conscientiously opposed to participation in war in any form is limited in scope to conscientious objection to participation in the waging of military conflict. Sicurella v. United States, 75 S.Ct. 403; Jessen v. United States, supra. And the hunting for wild game is not a circumstance having any probative force in respect to the lack of good faith of an asserted claim of exemption under the statute.

Failing to find in the registration file of appellant any rational basis in fact for the rejection of the claim for exemption, the judgment is reversed and the cause is remanded.